## THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

| | | |
|---|---|---|
| **MARGARET RODGERS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CASE NO.:**_____ |
| | ) | |
| **FIRST HORIZON BANK, a subsidiary** | ) | |
| **of FIRST HORIZON NATIONAL** | ) | |
| **CORP., f/k/a FIRST TENNESSEE** | ) | |
| **BANK, N.A., f/k/a CAPITAL BANK** | ) | |
| **CORPORATION,** | ) | **JURY DEMAND** |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## COMPLAINT WITH DEMAND FOR JURY TRIAL

**COMES NOW** Plaintiff, Margaret Rodgers (hereinafter "Plaintiff"), by and through her undersigned counsel, and hereby files this lawsuit against Defendant, First Horizon Bank, a subsidiary of First Horizon National Corp., f/k/a or d/b/a First Tennessee Bank, N.A., f/k/a or d/b/a Capital Bank Corporation (hereinafter "Defendant" or "Employer"), and states as follows:

## JURISDICTION AND VENUE

1.     This is an action by Plaintiff, Margaret Rodgers, for compensatory, liquidated, and punitive damages, declaratory, and injunctive relief under the Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e, *et seq.*), as amended ("Title VII"), the Age Discrimination in Employment Act of 1967 (29 U.S.C. § 621 *et seq.*, the Equal Pay Act of 1963, 29 U.S.C. § 206 *et seq.* ("EPA"), and the Florida Civil Rights Act of 1992 ("FCRA"), Fla. Stat. § 760.01 *et seq.*, to redress injury caused by Defendant's discrimination based on her gender and/or age, and in terms of her pay, and in retaliation for lodging an internal complaint(s).

2.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, Title VII, the ADEA and 28 U.S.C. § 1367. This Court has supplemental jurisdiction of the Florida Civil Rights Act Claims and any other state law claims pursuant to 28 U.S.C. § 1367. Declaratory, injunctive, legal and equitable relief is sought pursuant to the laws set forth above to include attorneys' fees, costs, and damages.

3.      Defendant employs at least twenty (20) or more employees for each working day during each of the twenty (20) or more calendar work weeks in the relevant calendar years.

4.      Venue is proper in the Fort Myers Division of the Middle District of Florida (Collier County (28 U.S.C. § 89(b)), because Defendant does business in Collier County, and some or all of the acts alleged herein took place in Collier County.

5.      Defendant First Horizon Bank f/k/a First Tennessee Bank, N.A.'s principal place of business is in Memphis, Tennessee; however, it conducts business in Florida and one of its locations is in Collier County, 599 9th Street North, Naples, Florida 34102 (the location where Plaintiff worked).

6.      Plaintiff currently resides in Naples, Florida.

7.      All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

8.      On or about May 16, 2019, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 510-2019-04057. A true and correct copy of Plaintiff's charge is attached hereto as Exhibit "A".

9.      On or about September 19, 2019, the EEOC issued a Notice of Right to Sue letter to Plaintiff and suit has been commenced within ninety (90) days of receipt of the letter, a true and correct copy of which is included in Exhibit "B".

## **GENERAL FACTUAL ALLEGATIONS**

10.     Plaintiff is a female and is fifty-five (55) years old.

11.     Plaintiff is a former employee, title of bank or branch manager, of Capital Bank a/k/a First Tennessee Bank, in Naples, Florida (599 9th Street North, Naples, Florida 34102).

12.     Plaintiff was hired by Defendant on or about July 6, 2015.

13.     In November 2017, Capital Bank Corporation merged with or was acquired by First Tennessee Bank, N.A.

14.     In October 2019, First Tennessee Bank, N.A. merged with or was acquired by First Horizon Bank, under the holding company First Horizon National Corporation.

15.     Plaintiff worked for Defendant continuously from her hire until she was wrongfully terminated on or about March 13, 2019.

16.     From her hire until immediately before her termination (on or about March 13, 2019 after she spoke with Ray Morales, Capital Bank's Security Officer), Plaintiff had not received any discipline of any kind from Respondent.

17.     Until her termination, Plaintiff's branch had been one of the best branches, including in terms of annual deposits, for the entire company (including being up 3 million in deposits immediately prior to the merger).

18.     The merger required Capital Bank's branch banks, like Plaintiff's branch, to merge Capital Bank's banking software/electronic information, including account information, which Plaintiff's branch did so merge from around May to December 2018.

19.     During this lengthy process, it was common for the online banking software to shut-down or freeze, making Plaintiff's job and that of her subordinates far more difficult, in terms of time and effort, including because of customer complaints due to no access to their online accounts.

20.    The merger process was hectic and stressful, including resulting in Plaintiff suffering panic attacks, anxiety, and emotional distress.

21.    Plaintiff's branch persevered nonetheless and complied with the software updates and associated duties.

22.    However, in late 2018, after the merger, inexplicably, Defendant took money away from Plaintiff's branch's books which negatively effected the terms and conditions of her employment.

23.    Before the merger, Plaintiff's branch was on pace to be or would have been "up" for new deposits for 2018 by around four million dollars.

24.    Plaintiff's bonus each year is tied to the amount of new deposits received at her branch.

25.    In or around July 2018 and again in August 2018, Plaintiff complained to one of her supervisors (Ken O'Donnell, Sales Manager), that the software showed her branch as "down" or missing approximately 10M in deposits for 2018 (per the software), when it should not have been (it should have only been down around 5M).

26.    Plaintiff was tracking the decrease in deposits during that time and noticed the discrepancy.

27.    The software Plaintiff would typically use to track the deposits was inoperable for around two months because of the merger.

28.    Per Plaintiff's assessment of the deposit numbers, the branch should have been down around 5M, but when the software began working again, it showed she was down around 10M.

29.    Plaintiff did not know where the additional 4-5M "down" came from and complained to O'Donnell about it.

30.    By December 2018, the discrepancy still had not been fixed, and Plaintiff's branch numbers showed deposits in the negative, by approximately 1M for 2018.

31.    If the "missing" 4-5M had been accounted for properly, including per Plaintiff's complaints, it would have resulted in her branch being "up" for 2018, by around 3M.

32.    Plaintiff complained on several occasions to O'Donnell, but no resolution or explanation was ever provided concerning her internal complaint or resolution of the monetary deficiency at Plaintiff's branch.

33.    In December 2018, when it came to bonuses, Plaintiff did not receive a bonus because her branch's numbers were, errantly, in the red for the year (- 1M) when they were actually in the black (+ 3-4M).

34.    Plaintiff's understanding is that no investigation was performed by Defendant nor that it in any way addressed her complaint about missing deposits with her branch negatively affecting her bonus, resulting in no bonus for 2018.

35.    Plaintiff believes other branch managers, including males, persons younger than her, and persons who did not complain internally, were treated more favorably by not having their internal complaints ignored, receiving bonuses, and were not terminated.

36.    This includes Susan Pomplas (female branch manager of Respondent's other Naples branch, 6435 Naples Blvd., Naples, Florida 34109), who is about ten years younger than Plaintiff.

37.    In or around July 2018, Pomplas told Plaintiff that her branch's accounts mysteriously had several million dollars appear as new deposits and that she thought those funds

might be some of Plaintiff's branch's money / deposits that had mysteriously gone missing as described above.

38.     Plaintiff believes that other bank / branch managers outside of her protected classes received a bonus whereas she did not.

39.     Also, in late 2018, Plaintiff applied internally for a different position within Defendant.

40.     Plaintiff applied for a position in "commercial banking" away from her branch manager position in "retail banking".

41.     Plaintiff applied for the position and discussed it with O'Donnell and Dorinda Boyd (operations manager).

42.     Plaintiff had a brief, informal interview for the position with Bryan Simmering (Commercial Department Lead for Southwest Florida).

43.     Around this time in 2018, at a Make-A-Wish Event at the Ritz Carlton in Naples, Florida, Simmering stated in front of Plaintiff, her husband, and Jeff Jackson (Defendant's Regional President for Florida), that she would be "perfect person" for the commercial/private banking position.

44.     Beyond her application, a discussion with Simmering, Simmering's comments at the Make-A-Wish event, and speaking about it with O'Donnell and Boyd, Plaintiff heard nothing back from Respondent about her application, one way or the other.

45.     Defendant refused/failed to hire or transfer Plaintiff to the commercial / private banking position.

46.     On information and belief, the person who was hired into Plaintiff's position was substantially younger than her and/or a male.

47.     Plaintiff believes Respondent's managers and/or decision-makers, including Tammy Crenshaw (head of retail banking for Florida), intentionally refused to advance her in the interview process, otherwise failed to consider her, and failed to hire or promote her for the position because of her gender and/or age, and/or for complaining internally, and treated others outside her protected classes more favorably.

48.     On March 12, 2019, Morales requested that Plaintiff meet with him, which she did, at her Naples branch.

49.     Morales told Plaintiff that she was being disciplined for three violations of company policy (allegedly) concerning three transactions (one in July 2018, one in November 2018, and one in December 2018).

50.     According to Morales, Plaintiff moved money between accounts at her branch in violation of company policy, allegedly moving money between her own accounts on Defendant's software (the newly merged First Tennessee Bank software).

51.     Plaintiff told Morales this was the first time she had heard of any such alleged violations, and that she had no knowledge of the alleged violations.

52.     Plaintiff also reminded Morales how the online banking had been down periodically and consistently after the merger, including during these alleged discrepancies.

53.     Morales told Plaintiff that he was "not recommending termination" based on these alleged violations.

54.     Morales also had a hard-copy list of names with him (on a pink piece of paper), that, per Morales, contained names of other employees "he needed to see" that also had engaged in similar violations relating to bank policies, the access issue, and the bank's software transition.

55.     Morales told Plaintiff that "this access issue is something the bank is looking to address."

56.     Morales also told Plaintiff: "that is why you won't be terminated because we need to get to the bottom of the account access issue," and "a year ago, this might have been termination for you," but "because this is an issue within the company and its managers" and because Plaintiff's performance and branch's performance had been so good, that Plaintiff was to be the example/test case to uncover any underlying access/software problems.

57.     Morales held up the list before Plaintiff and said "that is why I'm here," basically to get to the bottom of the access/software issue.

58.     Morales also said, referencing the list, that he had a lot of other places to go and people to see for similar alleged infractions.

59.     Morales also said that one of Defendant's female branch managers on the east coast of Florida had the same access/software problem at her branch, and that she was not terminated.

60.     Plaintiff believes, given Morales's statements, that Plaintiff's purported mistakes were common during the software transition and reinforced her understanding that she would not be terminated.

61.     Plaintiff looked into the alleged December 2018 discipline after the meeting, and found there was nothing in Respondent's computer system to support the alleged December 2018 infraction, and, in fact, Plaintiff texted Morales a picture of the document showing the transfer was done properly.

62.     The next day, on March 13, 2019, Brenda Cummings (Respondent's Human Resources) called Plaintiff with O'Donnell on the phone and spoke with Plaintiff.

63. Cummings and O'Donnell told Plaintiff that they agreed with the three alleged infractions and for that reason he was terminated, effective immediately.

64. They did not care and/or ignored Plaintiff's complaint that (at least) the December 2018 alleged infraction did not occur.

65. On information and belief, Plaintiff alleges that her termination and the reason provided was not legitimate, but rather a pretext for unlawful discrimination and retaliation.

66. Since her termination, Plaintiff has actively sought positions with other banks and financial institutions in the Naples, Florida area.

67. On information and belief, managers of Defendant, instead of merely providing a neutral reference for Plaintiff for her prospective employers, have intentionally provided non-neutral and/or negative references (terminated for a policy violation) in retaliation for Plaintiff filing her EEOC Charge and/or for complaining in 2018 about the missing deposit monies which precluded her from receiving the bonus to which she was entitled.

68. Plaintiff has sufficient evidence and/or will present sufficient evidence for a reasonable jury to conclude, by a preponderance of the evidence, that her gender was factor or a motivating factor(s) for Defendant's discriminatory and retaliatory termination and failure to promote/transfer her, or, alternatively, that age was the but-for cause for Defendant's adverse actions against Plaintiff.

69. Defendant is or may be liable to Plaintiff under the "cat's paw" theory of vicarious liability and, to the extent necessary, alleges that it is so liable.

### Count I – Title VII Disparate Treatment (Gender) – Discipline[1]

70. Plaintiff realleges all of the preceding paragraphs of this complaint.

---

[1] To the extent necessary, Plaintiff's claims herein are pled in the alternative.

71.     Plaintiff has completed all necessary pre-requisites to bringing her claims under Title VII.

72.     Plaintiff is a member of a protected class, female.

73.     Plaintiff was qualified for her position.

74.     Plaintiff suffered an adverse employment action(s), discipline without any warning on March 12, 2019, resulting in her termination the next day.

75.     Plaintiff was replaced by a person(s) outside of her protected class; and/or similarly situated comparator employees, including those males named in the complaint, her replacement, and other comparator males presently unknown, were treated more favorably than her in the terms and conditions of their employment, including not being terminated and/or having progressive discipline applied differently and more favorably to them (including regarding the false reason for termination, improper transfer of funds or ) not resulting in termination of employment.

76.     Defendant intended to discriminate and did discriminate on the basis of gender, and/or Plaintiff's protected characteristic, female, was a motivator or motivating factor in Defendant's treatment of Plaintiff when it terminated her employment.

77.     Defendant's discrimination concerned one or more of the activities enumerated in Title VII.

78.     As a result of the aforementioned conduct, Defendant violated Title VII.

79.     Any purported legitimate reason for Plaintiff's discipline resulting in termination, given by Defendant is, in reality, a pretext for unlawful discriminatory treatment.

80.     As a direct and proximate result of Defendant's conduct, Plaintiff suffered an adverse employment action by being disciplined and terminated, and was damaged.

SALAS LAW FIRM, P.A.

81.     Defendant has failed to comply with its statutory duty to take all reasonably necessary steps to eliminate discrimination / disparate treatment from the workplace and to prevent it from occurring.

82.     Plaintiff further alleges that she suffered from a hostile work environment and/or that Defendant engaged in a pattern and practice of disparate treatment based on her gender and/or that the violations of her rights were continuing in nature by Defendant.

83.     As a direct and proximate result of Defendant's willful, knowing, and intentional discrimination, Plaintiff has suffered damages.  At a minimum, Plaintiff is thereby entitled to back wages, compensatory and punitive damages, and attorneys' fees and costs.

**Count II – Title VII Disparate Treatment (Gender) – Failure to Promote / Transfer**

84.     Plaintiff realleges and incorporates paragraphs 1-69 as if fully set forth herein.

85.     Plaintiff has completed all necessary pre-requisites to bringing her claims under Title VII.

86.     Plaintiff is a member of a protected class, female.

87.     Plaintiff was qualified for the commercial banking position.

88.     Plaintiff applied for this open position and/or Defendant had a reason to consider Plaintiff for the position.

89.     Plaintiff was rejected despite her qualifications.

90.     On information and belief, the person who was promoted / hired / transferred into the open commercial banking position(s) is male.

91.     Plaintiff suffered an adverse employment action(s), when Defendant refused to consider her or hire her into the position.

92.     Similarly situated comparator employees, including those males named in the complaint, male(s) hired into the commercial banking position, and other comparator males presently unknown, were treated more favorably than her in the terms and conditions of their employment, including being promoted to the position in commercial banking.

93.     Defendant intended to discriminate and did discriminate on the basis of gender, and/or Plaintiff's protected characteristic, female, was a motivator or motivating factor in Defendant's treatment of Plaintiff when it refused to promoted/transfer/hire her into the position.

94.     Defendant's discrimination concerned one or more of the activities enumerated in Title VII.

95.     As a result of the aforementioned conduct, Defendant violated Title VII.

96.     Any purported legitimate reason for failing to promote or transfer Plaintiff, given by Defendant is, in reality, a pretext for unlawful discriminatory treatment.

97.     As a direct and proximate result of Defendant's conduct, Plaintiff suffered an adverse employment action by not being promoted or transferred, and was damaged.

98.     Defendant has failed to comply with its statutory duty to take all reasonably necessary steps to eliminate discrimination / disparate treatment from the workplace and to prevent it from occurring.

99.     Plaintiff further alleges that she suffered from a hostile work environment and/or that Defendant engaged in a pattern and practice of disparate treatment based on her gender and/or that the violations of her rights were continuing in nature by Defendant.

100.     As a direct and proximate result of Defendant's willful, knowing, and intentional discrimination, Plaintiff has suffered damages.  At a minimum, Plaintiff is thereby entitled to back wages, compensatory and punitive damages, and attorneys' fees and costs.

## Count III - Title VII Disparate Treatment (Gender) - Termination

101.    Plaintiff realleges and incorporates paragraphs 1-69 as if fully set forth herein.

102.    Plaintiff has completed all necessary pre-requisites to bringing her claims under Title VII.

103.    Plaintiff is a member of a protected class, female.

104.    Plaintiff was qualified for her position.

105.    Plaintiff suffered an adverse employment action(s), termination on March 13, 2019.

106.    Plaintiff was replaced by a person(s) outside of her protected class; and/or similarly situated comparator employees, including those males named in the complaint, her replacement, and other comparator males presently unknown, were treated more favorably than her in the terms and conditions of their employment, including not being terminated and/or having progressive discipline applied differently and more favorably to them (including regarding the false reason for termination, improper transfer of funds) not resulting in termination of employment.

107.    Defendant intended to discriminate and did discriminate on the basis of gender, and/or Plaintiff's protected characteristic, female, was a motivator or motivating factor in Defendant's treatment of Plaintiff when it terminated her employment.

108.    Defendant's discrimination concerned one or more of the activities enumerated in Title VII.

109.    As a result of the aforementioned conduct, Defendant violated Title VII.

110.    Any purported legitimate reason for Plaintiff's termination, given by Defendant is, in reality, a pretext for unlawful discriminatory treatment.

111.    As a direct and proximate result of Defendant's conduct, Plaintiff suffered an adverse employment action by being terminated, and was damaged.

SALAS LAW FIRM, P.A.

112.    Defendant has failed to comply with its statutory duty to take all reasonably necessary steps to eliminate discrimination / disparate treatment from the workplace and to prevent it from occurring.

113.    Plaintiff further alleges that she suffered from a hostile work environment and/or that Defendant engaged in a pattern and practice of disparate treatment based on her gender and/or that the violations of her rights were continuing in nature by Defendant.

114.    As a direct and proximate result of Defendant's willful, knowing, and intentional discrimination, Plaintiff has suffered damages.  At a minimum, Plaintiff is thereby entitled to back wages, compensatory and punitive damages, and attorneys' fees and costs.

### Count IV – FCRA Disparate Treatment (Gender) – Discipline

115.    Plaintiff realleges and incorporates paragraphs 1-69 as if fully set forth herein.

116.    Plaintiff has completed all necessary pre-requisites to bringing her claims under the FCRA.

117.    Plaintiff is a member of a protected class, female.

118.    Plaintiff was qualified for her position.

119.    Plaintiff suffered an adverse employment action(s), discipline without any warning on March 12, 2019, resulting in her termination the next day.

120.    Plaintiff was replaced by a person(s) outside of her protected class; and/or similarly situated comparator employees, including those males named in the complaint, her replacement, and other comparator males presently unknown, were treated more favorably than her in the terms and conditions of their employment, including not being terminated and/or having progressive discipline applied differently and more favorably to them (including regarding the false reason for termination, improper transfer of funds) not resulting in termination of employment.

121.     Defendant intended to discriminate and did discriminate on the basis of gender, and/or Plaintiff's protected characteristic, female, was a motivator or motivating factor in Defendant's treatment of Plaintiff when it terminated her employment.

122.     Defendant's discrimination concerned one or more of the activities enumerated in FCRA.

123.     As a result of the aforementioned conduct, Defendant violated the FCRA.

124.     Any purported legitimate reason for Plaintiff's discipline resulting in termination, given by Defendant is, in reality, a pretext for unlawful discriminatory treatment.

125.     As a direct and proximate result of Defendant's conduct, Plaintiff suffered an adverse employment action by being disciplined and terminated, and was damaged.

126.     Defendant has failed to comply with its statutory duty to take all reasonably necessary steps to eliminate discrimination / disparate treatment from the workplace and to prevent it from occurring.

127.     Plaintiff further alleges that she suffered from a hostile work environment and/or that Defendant engaged in a pattern and practice of disparate treatment based on her gender and/or that the violations of her rights were continuing in nature by Defendant.

128.     As a direct and proximate result of Defendant's willful, knowing, and intentional discrimination, Plaintiff has suffered damages.  At a minimum, Plaintiff is thereby entitled to back wages, compensatory and punitive damages, and attorneys' fees and costs.

### Count V – FCRA Disparate Treatment (Gender) – Failure to Promote / Transfer

129.     Plaintiff realleges and incorporates paragraphs 1-69 as if fully set forth herein.

130.     Plaintiff has completed all necessary pre-requisites to bringing her claims under the FCRA.

131.    Plaintiff is a member of a protected class, female.

132.    Plaintiff was qualified for the commercial banking position.

133.    Plaintiff applied for this open position and/or Defendant had a reason to consider Plaintiff for the position.

134.    Plaintiff was rejected despite her qualifications.

135.    On information and belief, the person who was promoted / hired / transferred into the open commercial banking position(s) is male.

136.    Plaintiff suffered an adverse employment action(s), when Defendant refused to consider her or hire her into the position.

137.    Similarly situated comparator employees, including those males named in the complaint, male(s) hired into the commercial banking position, and other comparator males presently unknown, were treated more favorably than her in the terms and conditions of their employment, including being promoted to the position in commercial banking.

138.    Defendant intended to discriminate and did discriminate on the basis of gender, and/or Plaintiff's protected characteristic, female, was a motivator or motivating factor in Defendant's treatment of Plaintiff when it refused to promoted/transfer/hire her into the position.

139.    Defendant's discrimination concerned one or more of the activities enumerated in the FCRA.

140.    As a result of the aforementioned conduct, Defendant violated the FCRA.

141.    Any purported legitimate reason for failing to promote or transfer Plaintiff, given by Defendant is, in reality, a pretext for unlawful discriminatory treatment.

142.    As a direct and proximate result of Defendant's conduct, Plaintiff suffered an adverse employment action by not being promoted or transferred, and was damaged.

143.     Defendant has failed to comply with its statutory duty to take all reasonably necessary steps to eliminate discrimination / disparate treatment from the workplace and to prevent it from occurring.

144.     Plaintiff further alleges that she suffered from a hostile work environment and/or that Defendant engaged in a pattern and practice of disparate treatment based on her gender and/or that the violations of her rights were continuing in nature by Defendant.

145.     As a direct and proximate result of Defendant's willful, knowing, and intentional discrimination, Plaintiff has suffered damages.  At a minimum, Plaintiff is thereby entitled to back wages, compensatory and punitive damages, and attorneys' fees and costs.

### Count VII – FCRA Disparate Treatment (Gender) - Termination

146.     Plaintiff realleges and incorporates paragraphs 1-69 as if fully set forth herein.

147.     Plaintiff has completed all necessary pre-requisites to bringing her claims under the FCRA.

148.     Plaintiff is a member of a protected class, female.

149.     Plaintiff was qualified for her position.

150.     Plaintiff suffered an adverse employment action(s), termination on March 13, 2019.

151.     Plaintiff was replaced by a person(s) outside of her protected class; and/or similarly situated comparator employees, including those males named in the complaint, her replacement, and other comparator males presently unknown, were treated more favorably than her in the terms and conditions of their employment, including not being terminated and/or having progressive discipline applied differently and more favorably to them (including regarding the false reason for termination, improper transfer of funds) not resulting in termination of employment.

152.    Defendant intended to discriminate and did discriminate on the basis of gender, and/or Plaintiff's protected characteristic, female, was a motivator or motivating factor in Defendant's treatment of Plaintiff when it terminated her employment.

153.    Defendant's discrimination concerned one or more of the activities enumerated in the FCRA.

154.    As a result of the aforementioned conduct, Defendant violated the FCRA.

155.    Any purported legitimate reason for Plaintiff's termination, given by Defendant is, in reality, a pretext for unlawful discriminatory treatment.

156.    As a direct and proximate result of Defendant's conduct, Plaintiff suffered an adverse employment action by being terminated, and was damaged.

157.    Defendant has failed to comply with its statutory duty to take all reasonably necessary steps to eliminate discrimination / disparate treatment from the workplace and to prevent it from occurring.

158.    Plaintiff further alleges that she suffered from a hostile work environment and/or that Defendant engaged in a pattern and practice of disparate treatment based on her gender and/or that the violations of her rights were continuing in nature by Defendant.

159.    As a direct and proximate result of Defendant's willful, knowing, and intentional discrimination, Plaintiff has suffered damages.  At a minimum, Plaintiff is thereby entitled to back wages, compensatory and punitive damages, and attorneys' fees and costs.

## Count VIII – ADEA Disparate Treatment – Discipline

160.    Plaintiff realleges and incorporates paragraphs 1-69 as if fully set forth herein.

161.    Plaintiff has completed all necessary pre-requisites to bringing her claims under the ADEA.

162.    At all relevant times, Defendant has been, and continues to be, an employer within the meaning of the ADEA, 29 U.S.C. § 630(b).

163.    Plaintiff, who was qualified for her position, is a member of the protected group between the age of forty and seventy.

164.    Plaintiff suffered an adverse employment action(s), discipline without any warning on March 12, 2019, resulting in her termination the next day, whereas substantially younger persons were not.

165.    Plaintiff was replaced by a person(s) younger than her; and/or similarly situated comparator employees, including those substantially younger employees named in the complaint, her replacement, and other comparator persons presently unknown, were treated more favorably than her in the terms and conditions of their employment, including not being terminated and/or having progressive discipline applied differently and more favorably to them (including regarding the false reason for termination, improper transfer of funds) not resulting in termination of employment.

166.    Defendant intended to discriminate and did discriminate on the basis of age, and it was the "but-for" cause of her treatment by Defendant.

167.    Defendant's discrimination concerned one or more of the activities enumerated in the ADEA.

168.    As a result of the aforementioned conduct, Defendant violated the ADEA.

169.    Any purported legitimate reason for Plaintiff's discipline resulting in termination, given by Defendant is, in reality, a pretext for unlawful discriminatory treatment.

170.    As a direct and proximate result of Defendant's conduct, Plaintiff suffered an adverse employment action by being disciplined and terminated, and was damaged.

171.     Defendant has failed to comply with its statutory duty to take all reasonably necessary steps to eliminate discrimination / disparate treatment from the workplace and to prevent it from occurring.

172.     Plaintiff further alleges that she suffered from a hostile work environment and/or that Defendant engaged in a pattern and practice of disparate treatment based on her age and/or that the violations of her rights were continuing in nature by Defendant.

173.     As a direct and proximate result of Defendant's willful, knowing, and intentional discrimination, Plaintiff has suffered damages.  At a minimum, Plaintiff is thereby entitled to back wages, liquidated damages, and attorneys' fees and costs.

### Count IX – ADEA Disparate Treatment – Failure to Promote / Transfer

174.     Plaintiff realleges and incorporates paragraphs 1-69 as if fully set forth herein.

175.     Plaintiff has completed all necessary pre-requisites to bringing her claims under the ADEA.

176.     At all relevant times, Defendant has been, and continues to be, an employer within the meaning of the ADEA, 29 U.S.C. § 630(b).

177.     Plaintiff, who was qualified for her position, is a member of the protected group between the age of forty and seventy.

178.     Plaintiff suffered an adverse employment action(s), when Defendant refused to consider her or hire her into the position.

179.     Similarly situated comparator employees, including those males named in the complaint, male(s) hired into the commercial banking position, and other comparator males presently unknown, were treated more favorably than her in the terms and conditions of their employment, including being promoted to the position in commercial banking.

180.    Defendant intended to discriminate and did discriminate on the basis of age, and it was the "but-for" cause of her treatment by Defendant when it refused to promoted/transfer/hire her into the position.

181.    Defendant's discrimination concerned one or more of the activities enumerated in the ADEA.

182.    As a result of the aforementioned conduct, Defendant violated the ADEA.

183.    Any purported legitimate reason for Plaintiff's discipline resulting in termination, given by Defendant is, in reality, a pretext for unlawful discriminatory treatment.

184.    As a direct and proximate result of Defendant's conduct, Plaintiff suffered an adverse employment action by being disciplined and terminated, and was damaged.

185.    Defendant has failed to comply with its statutory duty to take all reasonably necessary steps to eliminate discrimination / disparate treatment from the workplace and to prevent it from occurring.

186.    Plaintiff further alleges that she suffered from a hostile work environment and/or that Defendant engaged in a pattern and practice of disparate treatment based on her age and/or that the violations of her rights were continuing in nature by Defendant.

187.    As a direct and proximate result of Defendant's willful, knowing, and intentional discrimination, Plaintiff has suffered damages.  At a minimum, Plaintiff is thereby entitled to back wages, liquidated damages, and attorneys' fees and costs.

### Count X – ADEA Disparate Treatment - Termination

188.    Plaintiff realleges and incorporates paragraphs 1-69 as if fully set forth herein.

189.    Plaintiff has completed all necessary pre-requisites to bringing her claims under the ADEA.

SALAS LAW FIRM, P.A.

190.    At all relevant times, Defendant has been, and continues to be, an employer within the meaning of the ADEA, 29 U.S.C. § 630(b).

191.    Plaintiff, who was qualified for her position, is a member of the protected group between the age of forty and seventy.

192.    Plaintiff suffered an adverse employment action(s), termination on March 13, 2019.

193.    Plaintiff was replaced by a person(s) younger than her; and/or similarly situated comparator employees, including those substantially younger employees named in the complaint, her replacement, and other comparator persons presently unknown, were treated more favorably than her in the terms and conditions of their employment, including not being terminated and/or having progressive discipline applied differently and more favorably to them (including regarding the false reason for termination, improper transfer of funds) not resulting in termination of employment.

194.    Defendant intended to discriminate and did discriminate on the basis of age, and it was the "but-for" cause of her treatment by Defendant.

195.    Defendant's discrimination concerned one or more of the activities enumerated in the ADEA.

196.    As a result of the aforementioned conduct, Defendant violated the ADEA.

197.    Any purported legitimate reason for Plaintiff's termination, given by Defendant is, in reality, a pretext for unlawful discriminatory treatment.

198.    As a direct and proximate result of Defendant's conduct, Plaintiff suffered an adverse employment action by being terminated, and was damaged.

199.    Defendant has failed to comply with its statutory duty to take all reasonably necessary steps to eliminate discrimination / disparate treatment from the workplace and to prevent it from occurring.

200.    Plaintiff further alleges that she suffered from a hostile work environment and/or that Defendant engaged in a pattern and practice of disparate treatment based on her age and/or that the violations of her rights were continuing in nature by Defendant.

201.    As a direct and proximate result of Defendant's willful, knowing, and intentional discrimination, Plaintiff has suffered damages.  At a minimum, Plaintiff is thereby entitled to back wages, liquidated damages, and attorneys' fees and costs.

### Count XI – FCRA Disparate Treatment (Age) – Discipline

202.    Plaintiff realleges and incorporates paragraphs 1-69 as if fully set forth herein.

203.    Plaintiff has completed all necessary pre-requisites to bringing her claims under the FCRA.

204.    At all relevant times, Defendant has been, and continues to be, an employer within the meaning of the FCRA.

205.    Plaintiff, who was qualified for her position, is a member of the protected group between the age of forty and seventy.

206.    Plaintiff suffered an adverse employment action(s), discipline without any warning on March 12, 2019, resulting in her termination the next day, whereas substantially younger persons were not.

207.    Plaintiff was replaced by a person(s) younger than her; and/or similarly situated comparator employees, including those substantially younger employees named in the complaint, her replacement, and other comparator persons presently unknown, were treated more favorably

than her in the terms and conditions of their employment, including not being terminated and/or having progressive discipline applied differently and more favorably to them (including regarding the false reason for termination, improper transfer of funds) not resulting in termination of employment.

208.    Defendant intended to discriminate and did discriminate on the basis of age, and it was the "but-for" cause of her treatment by Defendant.

209.    Defendant's discrimination concerned one or more of the activities enumerated in the FCRA.

210.    As a result of the aforementioned conduct, Defendant violated the FCRA.

211.    Any purported legitimate reason for Plaintiff's discipline resulting in termination, given by Defendant is, in reality, a pretext for unlawful discriminatory treatment.

212.    As a direct and proximate result of Defendant's conduct, Plaintiff suffered an adverse employment action by being disciplined and terminated, and was damaged.

213.    Defendant has failed to comply with its statutory duty to take all reasonably necessary steps to eliminate discrimination / disparate treatment from the workplace and to prevent it from occurring.

214.    Plaintiff further alleges that she suffered from a hostile work environment and/or that Defendant engaged in a pattern and practice of disparate treatment based on her age and/or that the violations of her rights were continuing in nature by Defendant.

215.    As a direct and proximate result of Defendant's willful, knowing, and intentional discrimination, Plaintiff has suffered damages.  At a minimum, Plaintiff is thereby entitled to back wages, liquidated damages, and attorneys' fees and costs.

SALAS LAW FIRM, P.A.

**Count XII – FCRA Disparate Treatment (Age) – Failure to Promote / Transfer**

216.   Plaintiff realleges and incorporates paragraphs 1-69 as if fully set forth herein.

217.   Plaintiff has completed all necessary pre-requisites to bringing her claims under the FCRA.

218.   At all relevant times, Defendant has been, and continues to be, an employer within the meaning of the FCRA.

219.   Plaintiff, who was qualified for her position, is a member of the protected group between the age of forty and seventy.

220.   Plaintiff suffered an adverse employment action(s), when Defendant refused to consider her or hire her into the position.

221.   Similarly situated comparator employees, including those males named in the complaint, male(s) hired into the commercial banking position, and other comparator males presently unknown, were treated more favorably than her in the terms and conditions of their employment, including being promoted to the position in commercial banking.

222.   Defendant intended to discriminate and did discriminate on the basis of age, and it was the "but-for" cause of her treatment by Defendant when it refused to promoted/transfer/hire her into the position.

223.   Defendant's discrimination concerned one or more of the activities enumerated in the FCRA.

224.   As a result of the aforementioned conduct, Defendant violated the FCRA.

225.   Any purported legitimate reason for Plaintiff's discipline resulting in termination, given by Defendant is, in reality, a pretext for unlawful discriminatory treatment.

226.     As a direct and proximate result of Defendant's conduct, Plaintiff suffered an adverse employment action by being disciplined and terminated, and was damaged.

227.     Defendant has failed to comply with its statutory duty to take all reasonably necessary steps to eliminate discrimination / disparate treatment from the workplace and to prevent it from occurring.

228.     Plaintiff further alleges that she suffered from a hostile work environment and/or that Defendant engaged in a pattern and practice of disparate treatment based on her age and/or that the violations of her rights were continuing in nature by Defendant.

229.     As a direct and proximate result of Defendant's willful, knowing, and intentional discrimination, Plaintiff has suffered damages.  At a minimum, Plaintiff is thereby entitled to back wages, liquidated damages, and attorneys' fees and costs.

### Count XIII – FCRA Disparate Treatment (Age) - Termination

230.     Plaintiff realleges and incorporates paragraphs 1-69 as if fully set forth herein.

231.     Plaintiff has completed all necessary pre-requisites to bringing her claims under the FCRA.

232.     At all relevant times, Defendant has been, and continues to be, an employer within the meaning of the FCRA.

233.     Plaintiff, who was qualified for her position, is a member of the protected group between the age of forty and seventy.

234.     Plaintiff suffered an adverse employment action(s), termination on March 13, 2019.

235.     Plaintiff was replaced by a person(s) younger than her; and/or similarly situated comparator employees, including those substantially younger employees named in the complaint, her replacement, and other comparator persons presently unknown, were treated more favorably

than her in the terms and conditions of their employment, including not being terminated and/or having progressive discipline applied differently and more favorably to them (including regarding the false reason for termination, improper transfer of funds) not resulting in termination of employment.

236.    Defendant intended to discriminate and did discriminate on the basis of age, and it was the "but-for" cause of her treatment by Defendant.

237.    Defendant's discrimination concerned one or more of the activities enumerated in the FCRA.

238.    As a result of the aforementioned conduct, Defendant violated the FCRA.

239.    Any purported legitimate reason for Plaintiff's termination, given by Defendant is, in reality, a pretext for unlawful discriminatory treatment.

240.    As a direct and proximate result of Defendant's conduct, Plaintiff suffered an adverse employment action by being terminated, and was damaged.

241.    Defendant has failed to comply with its statutory duty to take all reasonably necessary steps to eliminate discrimination / disparate treatment from the workplace and to prevent it from occurring.

242.    Plaintiff further alleges that she suffered from a hostile work environment and/or that Defendant engaged in a pattern and practice of disparate treatment based on her age and/or that the violations of her rights were continuing in nature by Defendant.

243.    As a direct and proximate result of Defendant's willful, knowing, and intentional discrimination, Plaintiff has suffered damages.  At a minimum, Plaintiff is thereby entitled to back wages, liquidated damages, and attorneys' fees and costs.

SALAS LAW FIRM, P.A.

## Count XIV – Title VII Disparate Treatment (Gender) – Pay

244.     Plaintiff realleges and incorporates paragraphs 1-69 as if fully set forth herein.

245.     Plaintiff has completed all necessary pre-requisites to bringing her claims under Title VII.

246.     Plaintiff is a member of a protected class, female.

247.     Plaintiff was qualified for her position.

248.     Plaintiff suffered an adverse employment action(s), being paid less than male(s) for comparable work or relatively equal work.

249.     Similarly situated comparator employees, including those males named in the complaint, her replacement, and other comparator males presently unknown (such as other branch managers, including those with less monetary responsibility / deposits), were treated more favorably than her in the terms and conditions of their employment, including by receiving more money for comparable work or relatively equal work, and by not being punished for Defendant's internal deposit accounting error resulting in no / less bonus for Plaintiff as compared with males.

250.     Defendant intended to discriminate and did discriminate on the basis of gender, and/or Plaintiff's protected characteristic, female, was a motivator or motivating factor in Defendant's treatment of Plaintiff when it paid her less than males for comparable work or relatively equal work.

251.     Defendant's discrimination concerned one or more of the activities enumerated in Title VII.

252.     As a result of the aforementioned conduct, Defendant violated Title VII.

253.     Any purported legitimate reason for Plaintiff's discipline resulting in termination, given by Defendant is, in reality, a pretext for unlawful discriminatory treatment.

SALAS LAW FIRM, P.A.

254.     As a direct and proximate result of Defendant's conduct, Plaintiff suffered an adverse employment action by not being paid as much as males for comparable work or relatively equal work.

255.     Defendant has failed to comply with its statutory duty to take all reasonably necessary steps to eliminate discrimination / disparate treatment from the workplace and to prevent it from occurring.

256.     Plaintiff further alleges that she suffered from a hostile work environment and/or that Defendant engaged in a pattern and practice of disparate treatment based on her gender and/or that the violations of her rights were continuing in nature by Defendant.

257.     As a direct and proximate result of Defendant's willful, knowing, and intentional discrimination, Plaintiff has suffered damages.  At a minimum, Plaintiff is thereby entitled to back wages, compensatory and punitive damages, and attorneys' fees and costs.

### Count XV – Equal Pay Act – Discriminatory Compensation

258.     Plaintiff realleges and incorporates paragraphs 1-69 as if fully set forth herein.

259.     Plaintiff is a member of a protected class under the Equal Pay Act of 1963, 29 U.S.C. § 206 *et seq*.

260.     Defendant pays different wages and/or bonuses to male branch managers as compared with female branch managers concerning equal work for jobs, the performance of which, requires equal skill, effort, and responsibility, which are performed under substantially similar working conditions.

261.     Defendant's reason for the discriminatory compensation scheme was not based on a seniority system.

262.    Defendant's reason for the discriminatory compensation scheme was not based on a merit system.

263.    Defendant's reason for the discriminatory compensation scheme was not based on a system which measures earnings by quantity or quality of production.

264.    Defendant's reason for the discriminatory compensation scheme was not based on any factor other than sex.

265.    Similarly situated comparator employees, including those males named in the complaint, her replacement, and other comparator males presently unknown (such as other branch managers, including those with less monetary responsibility / deposits), were treated more favorably than her in the terms and conditions of their employment, including by receiving more money for substantially similar work, and by not being punished for Defendant's internal deposit accounting error resulting in no / less bonus for Plaintiff as compared with males.

266.    Defendant intended to discriminate and did discriminate on the basis of gender, and/or Plaintiff's protected characteristic, female, was a motivator or motivating factor in Defendant's treatment of Plaintiff when it paid her less than males for substantially similar work.

267.    Defendant's discrimination concerned one or more of the activities enumerated in the EPA.

268.    As a result of the aforementioned conduct, Defendant violated the EPA.

269.    Any purported legitimate reason for Plaintiff's pay or bonus pay being less than comparator males, given by Defendant is, in reality, a pretext for unlawful discriminatory treatment.

270.    As a direct and proximate result of Defendant's conduct, Plaintiff suffered an adverse employment action by not being paid as much as males for substantially similar work.

271.    Defendant has failed to comply with its statutory duty to take all reasonably necessary steps to eliminate discrimination / disparate treatment from the workplace and to prevent it from occurring.

272.    Plaintiff further alleges that she suffered from a hostile work environment and/or that Defendant engaged in a pattern and practice of disparate treatment based on her disparate pay and/or that the violations of her rights were continuing in nature by Defendant.

273.    As a direct and proximate result of Defendant's willful, knowing, and intentional discrimination, Plaintiff has suffered damages.  At a minimum, Plaintiff is thereby entitled to back wages, compensatory and punitive damages, and attorneys' fees and costs.

## Count XVI – ADEA Disparate Treatment – Pay

274.    Plaintiff realleges and incorporates paragraphs 1-69 as if fully set forth herein.

275.    Plaintiff has completed all necessary pre-requisites to bringing her claims under the ADEA.

276.    At all relevant times, Defendant has been, and continues to be, an employer within the meaning of the ADEA, 29 U.S.C. § 630(b).

277.    Plaintiff, who was qualified for her position, is a member of the protected group between the age of forty and seventy.

278.    Plaintiff suffered an adverse employment action(s), being paid less than male(s) for comparable work or relatively equal work.

279.    Similarly situated comparator employees, including those substantially younger persons named in the complaint, her replacement, and other comparator younger persons presently unknown (such as other branch managers, including those with less monetary responsibility / deposits), were treated more favorably than her in the terms and conditions of their employment,

including by receiving more money for comparable work or relatively equal work and by not being

punished for Defendant's internal deposit accounting error resulting in no / less bonus for Plaintiff

as compared with substantially younger persons.

280.    Defendant intended to discriminate and did discriminate on the basis of age, and/or

and it was the "but-for" cause of her treatment by Defendant.

281.    Defendant's discrimination concerned one or more of the activities enumerated in

the ADEA.

282.    As a result of the aforementioned conduct, Defendant violated the ADEA.

283.    Any purported legitimate reason for failing to pay Plaintiff for comparable work or

relatively equal work, given by Defendant is, in reality, a pretext for unlawful discriminatory

treatment.

284.    As a direct and proximate result of Defendant's conduct, Plaintiff suffered an

adverse employment action by not being paid as much as males for comparable work or relatively

equal work.

285.    Defendant has failed to comply with its statutory duty to take all reasonably

necessary steps to eliminate discrimination / disparate treatment from the workplace and to prevent

it from occurring.

286.    Plaintiff further alleges that she suffered from a hostile work environment and/or

that Defendant engaged in a pattern and practice of disparate treatment based on her age and/or

that the violations of her rights were continuing in nature by Defendant.

287.    As a direct and proximate result of Defendant's willful, knowing, and intentional

discrimination, Plaintiff has suffered damages.  At a minimum, Plaintiff is thereby entitled to back

wages, liquidated damages, and attorneys' fees and costs.

## Count XVII – FCRA Disparate Treatment (Gender) – Pay

288. Plaintiff realleges and incorporates paragraphs 1-69 as if fully set forth herein.

289. Plaintiff has completed all necessary pre-requisites to bringing her claims under the FCRA.

290. Plaintiff is a member of a protected class, female.

291. Plaintiff was qualified for her position.

292. Plaintiff suffered an adverse employment action(s), being paid less than male(s) for comparable work or relatively equal work.

293. Similarly situated comparator employees, including those males named in the complaint, her replacement, and other comparator males presently unknown (such as other branch managers, including those with less monetary responsibility / deposits), were treated more favorably than her in the terms and conditions of their employment, including by receiving more money for comparable work or relatively equal work and by not being punished for Defendant's internal deposit accounting error resulting in no / less bonus for Plaintiff as compared with males.

294. Defendant intended to discriminate and did discriminate on the basis of gender, and/or Plaintiff's protected characteristic, female, was a motivator or motivating factor in Defendant's treatment of Plaintiff when it paid her less than males for comparable work or relatively equal work.

295. Defendant's discrimination concerned one or more of the activities enumerated in the FCRA.

296. As a result of the aforementioned conduct, Defendant violated the FCRA.

297. Any purported legitimate reason for Plaintiff's discipline resulting in termination, given by Defendant is, in reality, a pretext for unlawful discriminatory treatment.

SALAS LAW FIRM, P.A.

298.    As a direct and proximate result of Defendant's conduct, Plaintiff suffered an adverse employment action by not being paid as much as males for comparable work or relatively equal work.

299.    Defendant has failed to comply with its statutory duty to take all reasonably necessary steps to eliminate discrimination / disparate treatment from the workplace and to prevent it from occurring.

300.    Plaintiff further alleges that she suffered from a hostile work environment and/or that Defendant engaged in a pattern and practice of disparate treatment based on her gender and/or that the violations of her rights were continuing in nature by Defendant.

301.    As a direct and proximate result of Defendant's willful, knowing, and intentional discrimination, Plaintiff has suffered damages.  At a minimum, Plaintiff is thereby entitled to back wages, compensatory and punitive damages, and attorneys' fees and costs.

## Count XVIII – FCRA Disparate Treatment (Age) – Pay

302.    Plaintiff realleges and incorporates paragraphs 1-69 as if fully set forth herein.

303.    Plaintiff has completed all necessary pre-requisites to bringing her claims under the FCRA.

304.    At all relevant times, Defendant has been, and continues to be, an employer within the meaning of the FCRA.

305.    Plaintiff, who was qualified for her position, is a member of the protected group between the age of forty and seventy.

306.    Plaintiff suffered an adverse employment action(s), being paid less than male(s) for comparable work or relatively equal work.

SALAS LAW FIRM, P.A.

307. Similarly situated comparator employees, including those substantially younger persons named in the complaint, her replacement, and other comparator younger persons presently unknown (such as other branch managers, including those with less monetary responsibility / deposits), were treated more favorably than her in the terms and conditions of their employment, including by receiving more money for comparable work or relatively equal work and by not being punished for Defendant's internal deposit accounting error resulting in no / less bonus for Plaintiff as compared with substantially younger persons.

308. Defendant intended to discriminate and did discriminate on the basis of age, and/or and it was the "but-for" cause of her treatment by Defendant.

309. Defendant's discrimination concerned one or more of the activities enumerated in the FCRA.

310. As a result of the aforementioned conduct, Defendant violated the FCRA.

311. Any purported legitimate reason for failing to pay Plaintiff for comparable work or relatively equal work, given by Defendant is, in reality, a pretext for unlawful discriminatory treatment.

312. As a direct and proximate result of Defendant's conduct, Plaintiff suffered an adverse employment action by not being paid as much as males for comparable work or relatively equal work.

313. Defendant has failed to comply with its statutory duty to take all reasonably necessary steps to eliminate discrimination / disparate treatment from the workplace and to prevent it from occurring.

SALAS LAW FIRM, P.A.

314.     Plaintiff further alleges that she suffered from a hostile work environment and/or that Defendant engaged in a pattern and practice of disparate treatment based on her age and/or that the violations of her rights were continuing in nature by Defendant.

315.     As a direct and proximate result of Defendant's willful, knowing, and intentional discrimination, Plaintiff has suffered damages.  At a minimum, Plaintiff is thereby entitled to back wages, liquidated damages, and attorneys' fees and costs.

### Count XIX – Title VII Retaliation

316.     Plaintiff realleges and incorporates paragraphs 1-69 as if fully set forth herein.

317.     Plaintiff has completed all necessary pre-requisites to bringing her claims under Title VII.

318.     Plaintiff suffered adverse employment actions by receiving unfair, inaccurate, disparate, non-investigated, and inconsistent discipline in March 2019 through her termination, being paid less than male employees, by not starting an investigation into her complaint about internal accounting errors concerning her branch's deposits in 2018 (negatively affecting her bonus), by being terminated for a reasons others were not terminated for (or receiving less discipline for similar errors), and for not receiving a neutral reference from prospective employers after her termination, whereas other employees did receive a neutral reference.

319.     Plaintiff engaged in a statutorily protected activities, complaining to O'Donnell about the branch deposits issue and complaining to Morales about errant and incorrect discipline (including that the December 2018 alleged infraction did not occur).

320.     Defendant damaged and retaliated against Plaintiff in the terms and conditions of her employment, by disciplining her unfairly, unjustly, inaccurately, and inconsistently after she

complained to O'Donnell and Morales, by not conducting an investigation (on information and belief, paying her less than comparators), and by terminating her employment.

321.    There is or are a casual connection(s) between Plaintiff's complaints of disparate treatment in pay and discipline and her termination.

322.    Any purported legitimate reason for her not receiving her correct 2018 bonus and her discipline given by Respondent is, in reality, a pretext for its unlawful retaliation.

323.    As a result of the aforementioned conduct, Defendant violated Title VII.

324.    As a direct and proximate result of Defendant's conduct, Plaintiff suffered adverse employment actions in discipline and termination after he complained, resulting in her suffering injury and being damaged.

325.    Defendant has failed to comply with its statutory duty to take all reasonable, necessary steps to eliminate retaliation from the workplace and to prevent it from occurring.

326.    Plaintiff further alleges that she suffered from a hostile work environment and/or that Defendant engaged in a pattern and practice of retaliation and/or that the violations of her rights were continuing in nature by Defendant.

327.    As a direct and proximate result of Defendant's willful, knowing, and intentional retaliation, Plaintiff has suffered damages. At a minimum, Plaintiff is thereby entitled to back wages, compensatory and punitive damages, and attorneys' fees and costs.

## Count XX – ADEA Retaliation

328.    Plaintiff realleges and incorporates paragraphs 1-69 as if fully set forth herein.

329.    Plaintiff has completed all necessary pre-requisites to bringing her claims under the ADEA.

330.    Plaintiff suffered adverse employment actions by receiving unfair, inaccurate, disparate, non-investigated, and inconsistent discipline in March 2019 through her termination, being paid less than substantially younger employees, by not starting an investigation into her complaint about internal accounting errors concerning her branch's deposits in 2018 (negatively affecting her bonus), by being terminated for a reasons others were not terminated for (or receiving less discipline for similar errors), and for not receiving a neutral reference from prospective employers after her termination, whereas other employees did receive a neutral reference.

331.    Plaintiff engaged in a statutorily protected activities, complaining to O'Donnell about the branch deposits issue and complaining to Morales about errant and incorrect discipline (including that the December 2018 alleged infraction did not occur).

332.    Defendant damaged and retaliated against Plaintiff in the terms and conditions of her employment, by disciplining her unfairly, unjustly, inaccurately, and inconsistently after she complained to O'Donnell and Morales, by not conducting an investigation (on information and belief, paying her less than comparators), and by terminating her employment.

333.    There is or are a casual connection(s) between Plaintiff's complaints of disparate treatment in pay and discipline and her termination.

334.    Any purported legitimate reason for her not receiving her correct 2018 bonus and her discipline given by Respondent is, in reality, a pretext for its unlawful retaliation.

335.    As a result of the aforementioned conduct, Defendant violated the ADEA.

336.    As a direct and proximate result of Defendant's conduct, Plaintiff suffered adverse employment actions in discipline and termination after he complained, resulting in her suffering injury and being damaged.

SALAS LAW FIRM, P.A.

337.     Defendant has failed to comply with its statutory duty to take all reasonable, necessary steps to eliminate retaliation from the workplace and to prevent it from occurring.

338.     Plaintiff further alleges that she suffered from a hostile work environment and/or that Respondent engaged in a pattern and practice of retaliation and/or that the violations of her rights were continuing in nature by Defendant.

339.     As a direct and proximate result of Defendant's willful, knowing, and intentional retaliation, Plaintiff has suffered damages. At a minimum, Plaintiff is thereby entitled to back wages, liquidated damages, and attorneys' fees and costs.

### Count XXI – FCRA Retaliation

340.     Plaintiff realleges and incorporates paragraphs 1-69 as if fully set forth herein.

341.     Plaintiff has completed all necessary pre-requisites to bringing her claims under the FCRA.

342.     Plaintiff suffered adverse employment actions by receiving unfair, inaccurate, disparate, non-investigated, and inconsistent discipline in March 2019 through her termination, being paid less than male employees, by not starting an investigation into her complaint about internal accounting errors concerning her branch's deposits in 2018 (negatively affecting her bonus), and by being terminated for a reasons others were not terminated for (or receiving less discipline for similar errors).

343.     Plaintiff engaged in a statutorily protected activities, complaining to O'Donnell about the branch deposits issue and complaining to Morales about errant and incorrect discipline (including that the December 2018 alleged infraction did not occur).

344.     Defendant damaged and retaliated against Plaintiff in the terms and conditions of her employment, by disciplining her unfairly, unjustly, inaccurately, and inconsistently after she

complained to O'Donnell and Morales, by not conducting an investigation (on information and belief, paying her less than comparators), and by terminating her employment.

345.   There is or are a casual connection(s) between Plaintiff's complaints of disparate treatment in pay and discipline and her termination.

346.   Any purported legitimate reason for her not receiving her correct 2018 bonus and her discipline given by Respondent is, in reality, a pretext for its unlawful retaliation.

347.   As a result of the aforementioned conduct, Defendant violated the FCRA.

348.   As a direct and proximate result of Defendant's conduct, Plaintiff suffered adverse employment actions in discipline and termination after he complained, resulting in her suffering injury and being damaged.

349.   Defendant has failed to comply with its statutory duty to take all reasonable, necessary steps to eliminate retaliation from the workplace and to prevent it from occurring.

350.   Plaintiff further alleges that she suffered from a hostile work environment and/or that Defendant engaged in a pattern and practice of retaliation and/or that the violations of her rights were continuing in nature by Defendant.

351.   As a direct and proximate result of Defendant's willful, knowing, and intentional retaliation, Plaintiff has suffered damages. At a minimum, Plaintiff is thereby entitled to back wages, compensatory and punitive damages, and attorneys' fees and costs.

WHEREFORE, Plaintiff respectfully requests that this Court:

(a) Grant a permanent injunction enjoining Defendant its officers, successors, assigns and all persons in active concert or participation with it, from engaging in discriminatory and retaliatory practices in violation of the law, as well as appropriately fashioned equitable relief aimed at preventing future discrimination and retaliation;

SALAS LAW FIRM, P.A.

(b)   Award Plaintiff judgment against Defendant for compensatory and/or liquidated damages as determined by the trier of fact;

(c)   Award Plaintiff all restitution and other damages, including pre- and post-judgment interest, for the benefits she would have received absent the retaliatory treatment;

(d)   Enter judgment for liquidated and/or punitive damages against Defendant, and

(e)   Award all reasonable attorneys' fees and costs incurred in connection with this action; and any other further relief as justice may require.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted this 19th day of December, 2019.

> //s//<u>Michael G. Green II, Esq.</u>
> SALAS LAW FIRM, P.A.
> 8551 West Sunrise Boulevard
> Suite 300
> Plantation, FL 33322
> Office: (954) 315-1155
> Fax: (954) 452 -3311
> Email:  michael@jpsalaslaw.com
> Fla. Bar. No. 60859
>
> //s//<u>John P. Salas, Esq.</u>
> SALAS LAW FIRM, P.A.
> 8551 West Sunrise Boulevard
> Suite 300
> Plantation, FL 33322
> Office: (954) 315-1155
> Fax: (954) 452 -3311
> Email: jp@jpsalaslaw.com
> Fla. Bar. No. 87593